UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 26-00139-KK-DSRx** | Date: | September 15, 2026 |
| Title: | ***Hoang Minh Le v. Yazdani Properties, LLC*** | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Dominique Carr | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (In Chambers) ORDER TO SHOW CAUSE Regarding Subject Matter Jurisdiction**

## I. BACKGROUND

On January 13, 2026, plaintiff Hoang Minh Le ("Plaintiff") filed the operative Complaint against defendant Yazdani Properties, LLC ("Defendant"). ECF Docket No. ("Dkt.") 1, Complaint ("Compl."). As alleged in the Complaint, Defendant operates a liquor store located at 16056 Valley Boulevard, #A, in Fontana, California (the "Property"). Id. ¶¶ 1-2, 7. Plaintiff is paraplegic and "requires a use of a wheelchair at all times when traveling in public." Id. ¶ 8. On April 27, 2025, Plaintiff visited the Property and encountered the following barriers:

- The access aisle and/or accessible parking spaces have slopes and cross slopes that exceed 2.0%, including but not limited to ramps that protrude into access aisles creating excessive sloping.
- To the extent that the ramps protruding onto the access aisle are intended to provide an accessible pathway, the ramps are too steep and do not contain the required handrails, thus making it extremely unsafe for Plaintiff to use because when going up or down the makeshift ramp, Plaintiff can easily lose his balance.
- Accessible parking spaces do not lead to accessible pathways. Pathways are either too narrow and/or steep thus making it dangerous for Plaintiff when traveling in his wheelchair. Accessible pathways are also in disrepair with large

cracks and loose gravel. The large cracks can cause Plaintiff's front wheels to get caught, forcing Plaintiff to come to sudden stop when traveling, which can cause him and his wheelchair to tip over. Similarly, paths of travel also have abrupt vertical level changes, which make it difficult and dangerous for Plaintiff when traveling in his wheelchair.

- Parking spaces designated as accessible are not properly marked. For example, paint markings are extremely faded rendering them for all intents and purposes nonexistent.

- Accessible parking spaces and access aisles are not of sufficient width and length.

Id. ¶ 10. As a result of these barriers, Plaintiff is "deterred from visiting the Property." Id. ¶ 12. Based on these allegations, the Complaint asserts the following claims:

> **Cause of Action One:** Violation of California's Unruh Civil Rights Act ("Unruh Act"); and
>
> **Cause of Action Two:** Violation of the Americans with Disabilities Act ("ADA").

Id. ¶¶ 15-30.

On February 6, 2026, the Court declined to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and, thus, dismissed Cause of Action One without prejudice. Dkt. 14. On February 10, 2026, Plaintiff filed a Statement of Intent to Proceed on his remaining ADA claim. Dkt. 15.

On August 13, 2026, Plaintiff filed a Motion for Summary Judgment ("Motion"), seeking summary judgment on his ADA claim.[1] Dkt. 35, Motion ("Mot.").

On August 20, 2026, Defendant filed an Opposition, asserting it "has undertaken to repair the [P]roperty" and "anticipates . . . that the parking area . . . will be completely redone within 2 weeks['] time," thereby mooting Plaintiff's ADA claim. Dkt. 36, Opposition at 3-5. In support of its Opposition, Defendant submits a declaration from its agent stating Defendant "ha[s] solicited multiple bids for repair and replacement of the parking area," and "this work will be completed within 2 weeks['] time." Dkt. 36-1, Declaration of Martha Loza ¶¶ 2-3.

On August 27, 2026, Plaintiff filed a Reply, arguing he is entitled to summary judgment and his ADA claim is not moot. Dkt. 37, Reply at 5-8.

On September 9, 2026, Defendant submitted a supplemental declaration from its counsel stating Defendant commenced repairs of the parking area on September 8, 2026, which "will be

[1] In his Motion, Plaintiff requests injunctive relief and "judgment as a matter of law . . . on his Unruh [Act] claim in an amount no less than $12,000.00." Mot. at 19. However, the Court has already dismissed Plaintiff's Unruh Act claim without prejudice, see Dkt. 14; therefore, monetary damages are not available.

completed by approximately September 12, 2026." Dkt. 39, Declaration of Jenos Firouznam-Heidari ("Firouznam-Heidari Decl.") ¶¶ 2-4.

On September 10, 2026, Plaintiff filed a request to strike Defendant's counsel's supplemental declaration as procedurally improper or, in the alternative, leave to file a sur-reply. Dkt. 40. Plaintiff also submitted evidentiary objections to Defendant's counsel's supplemental declaration. Dkt. 40-1.

This matter, thus, stands submitted.

## II. DISCUSSION

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Thus, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists," and may raise the issue "on its own initiative, at any stage in the litigation[.]" Arbaugh v. Y&H Corp., 546 U.S. 500, 506, 514 (2006). The party asserting federal jurisdiction bears the burden of proving jurisdiction exists. Me. Cmty. Health Options v. Albertsons Cos., 993 F.3d 720, 723 (9th Cir. 2021).

Article III of the U.S. Constitution limits federal courts' subject matter jurisdiction to "actual cases or controversies." Clapper v. Amnesty Int'l USA, 568 U.S. 398, 408 (2013) (citation modified) (quoting DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 341 (2006)). "A case becomes moot – and therefore no longer a 'case' or 'controversy' for purposes of Article III – when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Rosebrock v. Mathis, 745 F.3d 963, 971 (9th Cir. 2014) (citing Already, LLC v. Nike, Inc., 568 U.S. 85, 90 (2013)).

"The central question for mootness is 'whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief.'" Meland v. WEBER, 2 F.4th 838, 849 (9th Cir. 2021) (quoting Ctr. for Biological Diversity v. Lohn, 511 F.3d 960, 963 (9th Cir. 2007)). "The party asserting mootness bears the burden of establishing that there is no effective relief remaining that the court could provide." S. Or. Barter Fair v. Jackson Cnty., 372 F.3d 1128, 1134 (9th Cir. 2004).

The ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "In the context of existing facilities, discrimination includes 'a failure to remove architectural barriers . . . where such removal is readily achievable.'" Chapman v. Pier 1 Imports (U.S.), Inc., 631 F.3d 939, 945 (9th Cir. 2011) (quoting 42 U.S.C. § 12182(b)(2)(A)(iv)). With respect to new facilities, "compliance with the [ADA] requires that facilities be 'readily accessible to and usable by individuals with disabilities.'" Id. (quoting 42 U.S.C. § 12183(a)(1)). "[A] facility is 'readily accessible to and usable by individuals with disabilities' if it meets the requirements promulgated by the Attorney General in the 'ADA Accessibility Guidelines' or the 'ADAAG[.]'" Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011).

A plaintiff may enforce the ADA by obtaining injunctive relief "to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." 42 U.S.C.

§ 12188(a)(2). However, "[b]ecause a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." Oliver, 654 F.3d at 905.

Here, the sole remaining claim asserts ADA violations on the Property related to the slope of the access aisles, vertical level changes in the accessible parking spaces, the condition of the accessible parking spaces, and the length and width of the accessible parking spaces and access aisles. See Compl. ¶ 10; Mot. at 12-14. However, Defendant's counsel indicates the alleged barriers on the Property have been removed, such that "none of the previously existing parking surface and connection of the parking surface to the walkway (including its texture or slope) complained of in this action remain at this time, and the Property will be equipped with new surfaces and structures once this work is completed on or about September 12, 2026." Firouznam-Heidari Decl. ¶ 5. Plaintiff's ADA claim thus appears to be moot. See Vogel v. Winchell's Donut Houses Operating Co., LP, 252 F. Supp. 3d 977, 985 (C.D. Cal. 2017) (finding a defendant's voluntary removal of alleged barriers mooted the plaintiff's ADA claim); Grove v. De La Cruz, 407 F. Supp. 2d 1126, 1130-31 (C.D. Cal. 2005) (same).

Accordingly, the parties are hereby **ORDERED** to meet and confer and file a joint status report **no later than September 25, 2026** addressing whether Plaintiff's remaining ADA claim is moot. If the parties agree this action is moot, the parties shall promptly file a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a). If the parties do not agree this action is moot, Defendant shall file a supplemental brief, along with any supporting affidavits or declarations, addressing mootness **no later than October 2, 2026**, and Plaintiff may file an optional supplemental reply brief **no later than October 9, 2026**.

The Court reminds the parties of their obligations under the Federal Rules of Civil Procedure, which impose a responsibility "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. **Further, Plaintiff is expressly warned that failure to timely file a joint status report in response to this Order will result in this action being dismissed without prejudice as moot for lack of subject matter jurisdiction.** See Arbaugh, 546 U.S. at 514.

**IT IS SO ORDERED.**